No. 18,464.

O. C. KINNEY, AS KINNEY-WILLIAMS CO., ET AL *v.*
BERNARD TEETS, DIRECTOR DEPARTMENT OF
EMPLOYMENT, ET AL.
(349 P. [2d] 134)

Decided February 8, 1960.

Mr. STEVENS PARK KINNEY, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FLOYD B. ENGEMAN, Assistant, Mrs. PATRICIA H. MALOY, Assistant, for defendant in error Bernard Teets, Director Department of Employment.

Mr. STANLEY CLARK JOHNSON, for defendant in error L. C. Williams.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as Kinney or as Kinney, Inc., depending upon whether the corporation or the individual is being identified. Defendant in error Bernard Teets, Director of the Department of Employment Security will be referred to as Teets, and L. C. Williams will be identified as Williams.

Kinney filed a complaint in the district court of the City and County of Denver in which he prayed that a rule directed to Teets and Williams should issue commanding them to show cause why he should not be entitled to the zero experience rating (for purposes of determining the amount of employer contributions to unemployment compensation fund) which had been awarded to him and Williams during the time they carried on a partnership business under the firm name of Carl Williams Sheet Metal Works. The rule issued as prayed for. Teets and Williams filed answers denying the pertinent facts alleged by Kinney as the basis for his claim to the zero rating. Teets filed a counterclaim for employer contributions to the unemployment fund alleged to be due from Kinney. On motion of counsel for Teets, Kinney, Inc., was made a party to the action.

The trial court found the issues for Teets and Williams as to the zero rating, and in favor of Teets and against Kinney on the counterclaim. Judgment entered awarding the zero rating to Williams and fixing Kinney's liability to Teets in the amount of $2,334.58.

Kinney seeks reversal of the judgment by writ of error.

There is little, if any, dispute in the evidence. For several years prior to November 1, 1954, the father of Williams had operated a sheet metal business in Denver under the trade name of "Carl Williams Sheet Metal Works." He retired and for a time thereafter the busi-

ness was continued by Williams and his wife. On November 1, 1954, Kinney and Williams formed a partnership and executed written Articles of Partnership. Mrs. Williams thereupon withdrew from participation in the operation. The Kinney-Williams partnership continued to operate until July 1, 1956, at which time the partnership was dissolved and an instrument was executed which effected that dissolution and disposed of the business and assets of the partnership.

During the life of the partnership, business activity was carried on in the State of Colorado and to a substantial degree in the State of Wyoming. The Colorado business was principally attended to by Kinney and in this work approximately twelve persons, mostly sheet metal workers, were kept employed. The work carried on in Wyoming was carried on by Williams and in this activity five men were employed. The books of the company were kept in Denver and payroll checks were issued in Denver. However, the employees who earned wages in the State of Wyoming were not included in the computations for the purpose of assessing employer contributions to the unemployment compensation fund in the State of Colorado.

Under the terms of the dissolution agreement, and by the undisputed evidence, upon termination of the partnership Williams took over all the obligations and assets relating to the business in the State of Wyoming. Kinney took over all the obligations and emoluments relating to the business within the State of Colorado. The uncompleted contracts made by the partnership calling for performance in Colorado were completed by Kinney. He received the compensation due on those contracts and paid all the bills for labor and material in connection therewith. All of the employees of the partnership engaged in that part of the business conducted within the State of Colorado remained as employees of Kinney and looked solely to him for compensation for their services. Former employees of the partnership performing serv-

ices outside the State of Colorado were employed by Williams after the dissolution of the partnership. However, these employees had nothing to do with the creation of the zero rating and for purposes of interpreting the pertinent statute are not in any way involved.

C.R.S. 1953, 82-6-4 (1) (a) and (b), as amended in 1955, read as follows:

"Whenever an employer transfers by way of sale, lease, gift, exchange, or any other manner:

"(a) all of its trade and business to a successor, whether or not an employer within the meaning of paragraph (a) of subsection (6) of section 82-1-3, the entire separate account including the actual contribution, benefit, and pay roll experience of the transferring employer shall pass to the successor for the purpose of determining the liability and rate of contribution of such successor, and from the date of such transfer the successor shall become an employer; or

"(b) any part of its trade or business which utilized the services of an average of ninety per cent or more of the total number of employees on the pay roll for each of the four pay periods immediately preceding the transfer to a successor, whether or not an employer within the meaning of paragraph (a) of subsection (6) of section 82-1-3, the entire separate account including the actual contribution, benefit, and pay roll experience of the transferring employer shall pass to the successor for the purpose of determining the liability and rate of contribution of such successor, and from the date of such transfer the successor shall become an employer."

The Attorney General on behalf of Teets argues that in order for a transferee of a business to acquire the pay roll experience rating of his transferor he must qualify under the provisions of both subsections (a) and (b) above. We are unable to assent to this interpretation of the language used in the statute. We direct attention to the controlling fact that the statute is in the disjunctive. It clearly provides that the conditions set forth in para-

graph (a) *or* the conditions mentioned in (b) shall entitle the transferee to the rating of the transferor.

 It cannot successfully be contended that Kinney did not meet the qualifications set forth in sub-paragraph (b) and he and Kinney, Inc., are entitled to the rating of the former partnership. It follows that the judgment entered against Kinney on the counterclaim was erroneous and must be vacated.

The judgment is reversed.

MR. JUSTICE KNAUSS and MR. JUSTICE DOYLE concur.